UNITED STATES BANKRUPTCY COURT
DISTRICT OF RHODE ISLAND

In re:

BRUCE THUNBERG
Debtor

BK. 00-12818
CHAPTER 7

LISA GEREMIA, TRUSTEE
Plaintiff

v.

A.P. 02-1046

WAKEFIELD MILL BUILDING, INC.
Defendant

**MEMORANDUM OF LAW IN SUPPORT OF OBJECTION TO DEFENDANT'S MOTION FOR A STAY PENDING APPEAL**

**I. Facts**

This matter was tried on eleven days between January 27, 2005 and March 1, 2005. After accepting post-trial memoranda and proposed findings and conclusions from the parties, the matter was taken under advisement. On May 16, 2006, the Court issued its findings and conclusions stating that it lacked sufficient evidence to make a complete disposition of the matter tried.[1] To remedy this deficiency, the Court ordered the parties to agree on the selection of an independent auditor.[2] This auditor is then to be hired by the trustee per order of the Court.[3] On May 25, 2006, Wakefield Mill Building, Inc. ("WMB") filed a notice of appeal of this Court's order and sought a stay pending its appeal.

---

[1] Findings of Fact, Conclusions of Law and Order Appointing Independent Auditor (hereinafter "Order"), p. 13.

[2] Order, p. 13.

[3] Order, p. 13.

## II. Standard of Consideration

Whether a party is entitled to a stay pending appeal is determined by the consideration of four factors. Gomez-Candelaria v. Rivera-Rodriguez, 296 F.3d 13, 16 (1st Cir. 2002). The factors are: 1) the likelihood that the appellant will succeed on the merits; 2) the potential for irreparable harm if the injunction is denied; 3) the balance of hardships which will be imposed upon interested parties depending on the Court's decision; and 4) the effect (if any) of the Court's ruling on the public interest. See Gomez-Candelaria, 296 F.3d at 16; Ross-Simons of Warwick, Inc. v. Baccarat, Inc., 102 F.3d 12, 15 (1st Cir. 1996).

"The *sine qua non* of that formulation is whether the [appellants] are likely to succeed on the merits." Weaver v. Henderson, 984 F.2d 11, 12 (1st Cir. 1993). "A showing of a mere 'possibility' of success would render the test…virtually meaningless. Therefore, we reiterate that the [appellant] must demonstrate a strong or substantial likelihood or probability of success on the merits." Mason County Medical Association v. Knebel, 563 F.2d 256, 261 (6th Cir. 1977). See also Narragansett Indian Tribe, 934 F.2d at 6.

If a likelihood of success is not demonstrated, the remainder of the test is an "idle curiosity." New Comm Wireless Services, Inc. v. SprintCom, Inc., 287 F.3d 1, 9 (1st Cir. 2002).

## III. Argument

*The Defendant is Not Likely to Succeed on the Merits of Its Appeal because of the Standard of Review of the Challenged Findings*

The sole argument made by the Defendant in stating that it is likely to succeed on

appeal is that the Court erroneously found that the Debtor's payments to Wakefield Mills Properties ("Partnership") were, in part, capital contributions rather than loan payments.[4]

The determination of whether a partner's advance to a partnership is a capital contribution is a factual one. See, e.g. Hynes v. Barr, 639 N.Y.S.2d 443, 444 (N.Y. App. Div. 1996); Park Cities Corp. v. Byrd, 522 S.W.2d 572, 576 (Tex. App. 1975)(citing Crane & Bromberg, Law of Partnerships, § 65(a) at 369-370 (1968)). The determination that the Debtor made certain capital contributions to the Partnership will only be reversed if it is found clearly erroneous. See Fed. R. Bankr. P. 8013; In re Carp, 340 F.3d 15, 22 (1st Cir. 2003). "[I]f the bankruptcy court's findings are supportable on any reasonable view of the record," the District court is bound to uphold them. See In re Carp, 340 F.3d at 22.

In finding that the Debtor had made $61,639 in capital contributions to the Partnership, the Court relied upon "the totality of the facts and circumstances in this case, the credibility of the witnesses, the apparent intent of the parties and the timing and manner in which," certain transactions occurred.[5] Given the Court's consideration and reliance upon the entire record in the case and the standard of review of its factual findings on appeal, it is exceedingly *unlikely* that the Defendant will prevail on the merits. See In re Carp, 340 F.3d at 22.

*The Defendant is Not Likely to Succeed on the Merits of Its Appeal Because the District Court is Unlikely to Entertain this Interlocutory Appeal at all*

The order which the Defendant now appeals is no more than an Order for the

---

[4] Memorandum of Law in Support of Wakefield Mill Building, Inc.'s Emergency Motion for a Stay Pending Appeal of the Court's Order Appointing Independent Auditor (hereinafter "Defendant's Memorandum"), p. 5.

[5] Order, p.6.

parties to choose an independent auditor.[6] This order is interlocutory. See Matter of Giguere, 188 B.R. 486, 488 (D.R.I. 1995)(deciding that an order appointing counsel to a trustee is an interlocutory order); see also In re Bright, 338 B.R. 530, 534 (1st Cir. BAP 2006)(stating, "an interlocutory order 'only decides some intervening matter pertaining to the cause, and requires further steps to be taken in order to enable the cause to be adjudicated on the merits.'").

Although the District Court does have discretion to review interlocutory orders of the Bankruptcy Court (28 U.S.C. § 158(a); Fed. R. Bankr. P. 8003), it would make little sense to do so under these circumstances. The Order does not appoint an auditor; it only demands that the parties choose an auditor to be employed by a subsequent order of the Court.[7] Following appointment of an auditor, there will be a period of investigation, preparation and submission of an auditor's report, consideration of the report by the Bankruptcy Court, adoption or rejection of the auditor's findings and then a final judgment disposing of this adversary proceeding. It is this final disposition which the Defendant should appeal.

As the case stands now, the best the Defendant could hope for on appeal is an order of the District Court that no auditor be appointed. Such an order would not necessarily have any effect on the final outcome of this adversary proceeding; it would only force a more circuitous route to such an outcome. For this reason, the Defendant has failed to demonstrate that the District Court will even consider its appeal, let alone that it is likely to succeed on the merits.

The foregoing establishes that there is no probability that the Debtor will succeed

---

[6] Order, p. 13.

[7] Order, p. 13.

on the merits of its appeal and that it is not entitled to a stay. The remaining factors are, therefore, an idle curiosity. See New Comm Wireless Services, Inc., 287 F.3d at 9. Despite this, they are briefly discussed.

*The Defendant Will not Suffer Irreparable Harm in the Absence of a Stay*

The Defendant argues that the appointment of an auditor will cause two types of irreparable harm: 1) that it will incur costs in funding the audit, and 2) that it will be forced to disclose "proprietary information."[8] Neither of these alleged harms justify the imposition of a stay.

First, no part of the Order has yet forced the Defendant to incur any expenses associated with the audit. The Defendant will not be liable for the expenses of an audit until those expenses are incurred by the auditor and approved by the Bankruptcy Court. Furthermore, the allocation of a portion of the costs of the audit to the Defendant could be addressed by the District Court on the Defendant's appeal of a final order in this case.

Second, the Defendant's claim that it would be forced to disclose proprietary information which is otherwise unavailable is incorrect. To the extent that the Defendant is in possession of relevant information, its disclosure could be compelled through discovery, by subpoena or through a 2004 examination.[9]

*The Harm to the Estate if the stay is Granted is Greater than the Harm caused to the Defendant by Denial of the Stay*

The Defendant will not suffer any significant harm by the denial of the stay. The appointment of an auditor will not, in itself, result in the dissolution of the partnership and distribution of the proceeds. The Order has no effect upon the Defendant other than forcing

---

[8] Defendant's Memorandum, p. 6.

[9] The Defendant did not claim that any of the relevant information was protected by privilege.

it to open its books and records so that an audit may be performed.

On the other hand, the imposition of a stay under the circumstances will further delay the administration of a chapter 7 estate which is approximately six years old already. This delay would be imposed for the sole purpose of allowing the Debtor to take an appeal which has, at best, a remote chance of success.

*The Public has a Legitimate Interest in the Prompt Execution of Court Orders*

Admittedly, the public has little interest in the outcome of this particular motion. However, to the extent the public interest is a factor, it should compel denial of the stay. The public has a legitimate interest in the execution of court orders. Unless those orders are likely to be reversed or cause some exceptional harm which should be protected against they should be carried out without delays caused by frivolous appeals.

## III. Conclusion

For the reasons set forth in this memorandum, the Trustee/Plaintiff asks that this Court deny the Defendant's request for a stay, pending appeal, of the Order Appointing Independent Auditor.

**LISA GEREMIA**
**CHAPTER 7 TRUSTEE**
By her Attorneys,

/s/ Andrew S. Richardson #2608
Boyajian, Harrington & Richardson
182 Waterman Street
Providence, RI 02906
Tel. 401-273-9600
Fax. 401-273-9605